UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
HYUNDAI MERCHANT MARINE CO., LTD.,

Plaintiff,

      -against-

MITSUBISHI HEAVY INDUSTRIES, LTD.,

Defendant.
------------------------------------x

CIVIL NO. 14 CV 7965

**ANSWER OF DEFENDANT MITSUBISHI HEAVY INDUSTRIES, LTD.**

      Defendant Mitsubishi Heavy Industries, Ltd. (hereinafter "MHI"), by and through its attorneys Condon & Forsyth LLP, answers plaintiff's Complaint as follows:

      1.      Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

      3.      Admits that MHI is a corporation organized and existing under the laws of Japan, with an office and place of business at 16-5 Konan 2-chome, Minato-ku, Tokyo, 108-8215, Japan. Admits that MHI operates a shipyard at 1-1, Akunoura-machi, Nagasaki City, Nagasaki, 850-8610, Japan.

      4.      Denies the allegations set forth in paragraph 4 of the Complaint.

      5.      Denies the allegations set forth in paragraph 5 of the Complaint except admits that MHI designed and constructed M/V MOL COMFORT ("the Vessel").

      6.      Admits that MHI entered into a shipbuilding contract with MOL Euro-Orient Shipping S.A ("Euro") to construct the Vessel on April 20, 2005.

      7.      Admits that MHI's shipyard in Nagasaki, Japan built the Vessel, and that the Vessel was delivered to Euro on July 14, 2008.

      8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

      9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Admits that the Vessel was built by MHI pursuant to the "C-Series" vessel design. Denies the remaining allegations in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

19. Denies the allegations set forth in paragraph 19 of the Complaint

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Admits that investigations have been undertaken by the "Committee on Large Container Ship Safety" and by the "Investigative Panel on Large Container Ship Safety."

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

25. Denies the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations set forth in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Admits that permanent repairs, ensuring that APL ZEEBRUGGE was at its original strength, were made on or about December 15, 2012 and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint.

30. Denies the allegations set forth in paragraph 30 of the Complaint.

31. Denies the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44. Admits that HMM sent a tender of defense letter to MHI dated May 23, 2014.

45. Admits that MHI declined to take over HMM's defense of the Nike arbitration by letter dated May 27, 2014.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48. Repeats, reiterates, and realleges each and every allegation, admission, and denial herein above set forth with the same force and effect as if herein set forth in full.

49. Denies the allegations set forth in paragraph 49 of the Complaint.

50. Denies the allegations set forth in paragraph 50 of the Complaint.

51. Denies the allegations set forth in paragraph 51 of the Complaint.

52. Denies the allegations set forth in paragraph 52 of the Complaint.

53. Denies the allegations set forth in paragraph 53 of the Complaint.

54. Denies the allegations set forth in paragraph 54 of the Complaint.

55. Denies the allegations set forth in paragraph 55 of the Complaint.

56. Repeats, reiterates, and realleges each and every allegation, admission, and denial herein above set forth with the same force and effect as if herein set forth in full.

57. Denies the allegations set forth in paragraph 57 of the Complaint.

58. Denies the allegations set forth in paragraph 58 of the Complaint.

59. Denies the allegations set forth in paragraph 59 of the Complaint.

60. Denies the allegations set forth in paragraph 60 of the Complaint.

61. Denies the allegations set forth in paragraph 61 of the Complaint.

62. Denies the allegations set forth in paragraph 62 of the Complaint.

63. Repeats, reiterates, and realleges each and every allegation, admission, and denial herein above set forth with the same force and effect as if herein set forth in full.

64. Denies the allegations set forth in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66. Denies the allegations set forth in paragraph 66 of the Complaint.

67. Denies the allegations set forth in paragraph 67 of the Complaint.

68. Denies the allegations set forth in paragraph 68 of the Complaint.

69. Denies the allegations set forth in paragraph 69 of the Complaint.

70. Repeats, reiterates, and realleges each and every allegation, admission, and denial herein above set forth with the same force and effect as if herein set forth in full.

71. Denies the allegations set forth in paragraph 71 of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74. Denies the allegations set forth in paragraph 74 of the Complaint.

75. Denies the allegations set forth in paragraph 75 of the Complaint.

76. Repeats, reiterates, and realleges each and every allegation, admission, and denial herein above set forth with the same force and effect as if herein set forth in full.

77. Denies the allegations set forth in paragraph 77 of the Complaint.

78. Denies the allegations set forth in paragraph 78 of the Complaint.

79. Denies the allegations set forth in paragraph 79 of the Complaint.

80. Denies the allegations set forth in paragraph 80 of the Complaint.

81. Denies the allegations set forth in paragraph 81 of the Complaint.

82. Denies the allegations set forth in paragraph 82 of the Complaint.

83. Denies the allegations set forth in paragraph 83 of the Complaint.

84. Denies the allegations set forth in paragraph 84 of the Complaint.

85. Repeats, reiterates, and realleges each and every allegation, admission, and denial herein above set forth with the same force and effect as if herein set forth in full.

86. Denies the allegations set forth in paragraph 86 of the Complaint.

87. Denies the allegations set forth in paragraph 87 of the Complaint.

88. Denies the allegations set forth in paragraph 88 of the Complaint.

89. Denies the allegations set forth in paragraph 89 of the Complaint.

90. Denies the allegations set forth in paragraph 90 of the Complaint.

91. Denies the allegations set forth in paragraph 91 of the Complaint.

92. Repeats, reiterates, and realleges each and every allegation, admission, and denial herein above set forth with the same force and effect as if herein set forth in full.

93. Denies the allegations set forth in paragraph 93 of the Complaint.

94. Denies the allegations set forth in paragraph 94 [misnumbered as "58."] of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

95. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

96. This Court lacks personal jurisdiction over defendant MHI.

### THIRD AFFIRMATIVE DEFENSE

97. Plaintiff lacks capacity and/or standing to maintain this action.

### FOURTH AFFIRMATIVE DEFENSE

98. This action should be dismissed under the doctrine of forum non conveniens.

### FIFTH AFFIRMATIVE DEFENSE

99. Plaintiff has failed to join indispensable and necessary parties.

### SIXTH AFFIRMATIVE DEFENSE

100. The damages sustained by plaintiff were caused or contributed to by the direct and proximate negligence or fault of parties or persons other than MHI and over whom MHI had no control and for whose acts MHI is not liable, and, accordingly, in the event MHI is found to be liable to plaintiff, which liability is expressly denied, MHI will be entitled to a finding of comparative and/or contributory negligence or fault and, thereafter, to indemnification, contribution or apportionment pursuant to the applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

101. The Vessel was not maintained or used as intended, was materially altered while not in the possession and control of MHI, and was misused and abused by parties or persons other than MHI and over whom MHI had no control and for whose acts MHI is not liable, and

such misuse and abuse proximately caused or contributed to the damages complained of, such as to preclude all recovery by plaintiff or to reduce any recovery by a proportion equal to the percentage that such misuse or abuse represents of the total fault, if any, for the accident.

## EIGHTH AFFIRMATIVE DEFENSE

102.  At all times relevant, the Vessel was designed, manufactured, tested, certified, distributed, sold and delivered in conformance with the then applicable state of the art.

## NINTH AFFIRMATIVE DEFENSE

103.  At all times relevant, the Vessel was designed, manufactured, tested, certified, distributed, sold and delivered in conformance with the then prevailing industry standards and then applicable governmental regulations and statutes.

## TENTH AFFIRMATIVE DEFENSE

104.  If it is found that a defective condition existed in the Vessel, which is expressly denied, then at all times relevant, MHI had no notice of such defect which would have enabled it to correct same.

## ELEVENTH AFFIRMATIVE DEFENSE

105.  If it is found that a defective condition existed in the Vessel, which is expressly denied, then such defective condition was created solely by the acts and/or omissions of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

106.  Plaintiff's claims and damages are barred, in whole or in part, by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

107.  Plaintiff's damages, if any, for economic loss are barred under tort theories of liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

108.  If the Plaintiff has received remuneration and/or compensation for some or all of the claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, MHI is entitled to have Plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation.

## FIFTEENTH AFFIRMATIVE DEFENSE

109.  The claims and defenses asserted herein and in plaintiff's Complaint may be governed by the substantive law of another jurisdiction.

## SIXTEENTH AFFIRMATIVE DEFENSE

110. The allegations and facts of the within matter do not support a finding of punitive damages against MHI.

## SEVENTEENTH AFFIRMATIVE DEFENSE

111. The imposition of punitive damages would contravene defendant MHI's constitutional rights to substantive and procedural due process of law under the applicable provisions of the Constitution of the United States and the applicable State law. Additionally, imposition of punitive damages would place an undue burden upon commerce in violation of Article 1, Section 8 of the Constitution of the United States.

## EIGHTEENTH AFFIRMATIVE DEFENSE

112. The manufacture and marketing of the Vessel is controlled by federal and international law, and MHI was at all times in compliance and obedience with the applicable law. If Plaintiff's causes of action against MHI are permitted and allowed, they would impede, impair, frustrate, and/or burden the effectiveness of law regulating transportation and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article 1, Section 8, respectively. Thus, Plaintiff's claims are preempted or barred by applicable law.

## NINETEENTH AFFIRMATIVE DEFENSE

113. At the time the product left MHI's possession, custody, and control, and at all relevant times, the Vessel was fit for its intended purpose, was reasonably safe for its intended purpose, was not reasonably certain to be dangerous when put to its normal use, and the benefits of the design of the Vessel, and any accompanying warnings, and each component thereof outweigh the inherent risks, if any.

## TWENTIETH AFFIRMATIVE DEFENSE

114. MHI reserves the right to amend its Answer to assert additional affirmative defenses as discovery progresses.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Federal Rules of Civil Procedure, rule 44.1, MHI hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, and hereby reserves the right to assert and plead such other defenses available to it arising out of the application of the substantive laws of a foreign country.

WHEREFORE, Mitsubishi Heavy Industries, Ltd. respectfully demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

Dated: New York, New York
December 9, 2014

        Respectfully submitted,

        CONDON & FORSYTH LLP

        By /s/ Marshall S. Turner
        Marshall S. Turner (MT 9246)
        Times Square Tower
        7 Times Square
        New York, New York 10036
        Telephone (212) 490-9100
        Facsimile (212) 370-4453

        Attorneys for Defendant
        MITSUBISHI HEAVY INDUSTRIES, LTD.

TO:

John D. Kimball
BLANK ROME, LLP
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
jkimball@blankrome.com

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                                              ) ss.:
COUNTY OF NEW YORK     )

Heather L. Jackson, duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Valley Stream, New York. That on the 9th day of December, 2014 deponent served a copy of the within **ANSWER OF DEFENDANT MITSUBISHI HEAVY INDUSTRIES, LTD.** upon:

**John D. Kimball, Esq.**
BLANK ROME, LLP
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
jkimball@blankrome.com

at the address designated by said attorneys for that purpose via ECF.

*/s/ Heather L. Jackson*
HEATHER L. JACKSON

Sworn to before me this
9th day of December, 2014

*/s/ Lorraine A. Lindsay*
Notary Public

LORRAINE A. LINDSAY
Notary Public, State of New York
No. 01LI16185817
Qualified in King County
Commission Expires April 21, 2016