December 10, 2014

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Room 1106
New York, NY  10007

      Re:   *Hyundai Merchant Marine Co., Ltd. v. Mitsubishi Heavy Industries, Ltd.*,
              Docket No. 14 Civ. 7965
              <u>Joint Letter of Counsel</u>

Dear Judge Schofield:

      The undersigned counsel for both parties to the above-captioned action respectfully submit this joint letter to the Court, in accordance with the requirements set forth in the Court's Order of October 16.

1. <u>Nature of the Case</u>.

    This is a maritime products liability action arising out of Defendant Mitsubishi Heavy Industries, Ltd.'s ("MHI") alleged defective design and/or manufacture of the M/V MOL COMFORT ("the Vessel"). The Vessel was a large containership which suffered a crack amidships on June 17, 2013 and broke into two pieces ("the Casualty").  Both sections later sank.  Plaintiff Hyundai Merchant Marine Co., Ltd. ("HMM") was a slot charterer of the Vessel and owned or leased containers which were lost with the Vessel.  HMM also is facing claims by shippers of cargo carried in those containers, including Nike, Inc. ("Nike").

    a. HMM's principal claims: products liability – defective design; products liability – defective manufacturing; negligence; gross negligence; negligent misrepresentation; punitive damages; and indemnity or contribution.

    b. MHI's principal defenses:  lack of personal jurisdiction; failure to state a claim; lack of capacity/standing; forum non conveniens; failure to join indispensable parties; contributory negligence by third parties; compliance with state of the art and industry standards.  Defendant has several other defenses, asserted in its Answer, that could also become relevant depending on the disposition of Defendant's Rule 12(b) motions.

    c. The major legal issues most important to resolving the case:

The Honorable Lorna G. Schofield
December 10, 2014
Page 2

> Plaintiff contends that the major legal issues include, but are not limited to: (1) Whether MHI committed negligence in designing and constructing the Vessel's structures; (2) whether, having become aware of the buckling in the cargo hold of the APL ZEEBRUGGE, MHI had a duty to warn the owner of the Vessel of the conditions it discovered; and (3) whether MHI's failure to warn the owner of the Vessel caused or contributed to the loss of the Vessel and its cargo.
>
> Defendant contends that the major legal issues are: Whether this Court has personal jurisdiction over MHI, a Japanese corporation; whether the Plaintiff has standing to pursue unrealized damages that may be incurred in the future; whether the S.D.N.Y is a proper forum for the resolution of a complicated product liability case that has no connection to the U.S. and that is already pending in Japan, an adequate alternative forum.  All necessary parties, including MHI, are actively participating in the Japanese litigation; the vast majority of witnesses, documents, and evidence relevant to the Plaintiff's product liability claims are located in Japan where the Vessel was designed, manufactured, tested, inspected, and sold; and the Japanese court is better suited to apply Japanese law. Beyond the Rule 12(b) motions, there are numerous legal issues that would likely arise.

    d.    The major factual issues most important to resolving the case:

> Plaintiff contends that the most important factual issue in this case is the determination of why the Vessel broke in two.
>
> Plaintiff further contends that the major factual issues include, but are not limited to: A determination of all of the anticipated and actual loads on the Vessel's hull structures; the uncertainties in each type of load; the designed and actual strength margin for the Vessel's hull structures; whether there were defects in the design and construction of the Vessel's hull structures; the conditions found on the APL ZEEBRUGGE and the cause of that vessel's damage; and whether MHI took adequate and reasonable steps to rectify the damages suffered by the APL ZEEBRUGGE and to warn the owner of the Vessel.
>
> Defendant contends that the major factual issues are: A determination of whether there is a basis for the exercise of personal jurisdiction over MHI in New York for activities that are alleged to have occurred in Japan or on the high seas off the coast of Yemen and the extent of Plaintiff's recoverable damages, if any.  Beyond

The Honorable Lorna G. Schofield
December 10, 2014
Page 3

          the Rule 12(b) motions there are innumerable factual issues that would likely arise.

2. <u>Subject matter jurisdiction and venue</u>.

   a. Plaintiff submits that this is a case of admiralty and maritime jurisdiction and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333. Plaintiff contends venue is proper because this case is an admiralty case, and it is well settled that in admiralty cases venue lies wherever a district court has personal jurisdiction over a defendant.

   b. Defendant submits that this Court does not have personal jurisdiction over MHI and that New York is not an appropriate forum for the resolution of a complicated product liability case with no connection to the U.S. for the reasons set forth in ¶1(c) above.

3. <u>Motion practice</u>.

   a. Plaintiff does not intend to file any motions at this time, but will seek to respond to any such motions filed by Defendant.

   Defendant intends to file F.R.C.P. 12(b) motions to dismiss based on lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and failure to join a party under F.R.C.P. 19; a motion to dismiss Plaintiff's contribution/indemnity claim based on a lack of standing; and motions seeking a proportionality assessment and a stay or limitations on discovery.

   b. There are no pending motions presently before the Court.

   c. The parties do not anticipate making any other applications at the status conference.

The Honorable Lorna G. Schofield
December 10, 2014
Page 4

4. <u>Discovery</u>

To date, no pre-trial discovery has taken place.

The Complaint was properly served upon the Defendant in Japan pursuant to the "Hague Service Convention" on November 19, 2014 and Defendant's Answer has been timely filed on December 9, 2014.

Defendant will seek a stay of liability discovery pending the resolution of MHI's anticipated Rule 12(b) motions. In the alternative, Defendant will seek phased discovery. Defendant will propose that the first phase of discovery be limited to personal jurisdiction, forum and the status of Plaintiff's alleged but unrealized future damages. Plaintiff will oppose defendant's request to limit pre-trial discovery.

If still relevant after the resolution of Defendant's Rule 12(b) motions, Defendant maintains that discovery regarding the following matters would become admissible under the Federal Rules: the details of all third-party cargo claims for which Plaintiff seeks contribution/indemnification including all contractual agreements with cargo shippers, all way bills, all insurance coverage secured by Plaintiff and/or the shipper relative to the lost cargo, all insurance payments made as a result of the accident, all foreign litigation and/or claims pending; the terms and conditions of the contract for construction of the accident Vessel; MHI's compliance with all relevant safety and regulatory requirements in the design, construction, manufacture, testing, and inspection of the Vessel. In addition, Defendant maintains that additional *foreign third-party discovery* regarding the following matters is admissible and critical to MHI's defense: the loading, maintenance, inspection, and operation of the Vessel; the operation, maintenance, inspection, and repairs to the APL ZEEBRUGGE; the accident sequence, response, and recovery efforts; the post-fracture fire on board the Vessel; the Japanese government and Class NK investigations into the accident; and the Class NK review of the APL ZEEBRUGGE December 2011 incident. Defendant notes that the vast majority of discovery on these subjects will be in Japanese or other foreign languages and require translation. Defendant would also anticipate numerous depositions of fact and expert witnesses in many foreign countries if the cause of this accident were to become an issue in this litigation.

5. <u>Computation of Each Category of Damages Claimed</u>

Plaintiff is seeking $10,000 for the loss of its insurance deductible from containers lost aboard the Vessel during the Casualty, and indemnity or contribution for at least

The Honorable Lorna G. Schofield
December 10, 2014
Page 5

$22,254,473.47 for third-party claims alleged against HMM for cargo losses as a result of the Casualty.

Defendant requests that Plaintiff comply with this Court's directive to provide a computation of damages sought for the unrealized third-party cargo claims alleged in the complaint and in the statement above. Plaintiff's complaint and statement are vague, appear to be internally inconsistent, and do not provide clear information about the number of claims at issue, the value of each claim, the names and addresses of each claimant, the country and forum in which they are being arbitrated/litigated, and the amounts that have been paid by or adjudicated against Plaintiff, if any.

6. Settlement Discussions

To date, no settlement discussions have taken place.

7. Additional Information

a. Defendant notes that a prior and complicated product liability action arising out of the same accident is already pending in Tokyo District Court. The Japanese litigation was brought by the owner of the Vessel and was consolidated with at least seventeen (17) other lawsuits filed by more than 100 claimants arising out of this accident. Defendant submits that the allegations in the Japanese litigation mirror those in Plaintiff's complaint. All necessary parties including the Vessel owner, the Vessel manufacturer, cargo claimants, and insurers are actively participating. MHI has been actively participating in that litigation. Defendant's position is that there is no reason why Plaintiff could not join the Japanese litigation for resolution of its claims against MHI. Plaintiff disagrees.

Defendant also notes that a limitations proceeding has been commenced against the Vessel owner in Tokyo District Court. Cargo claimants are participating in that proceeding in Japan and stand to recover damages for losses resulting from the accident. Defendant does not have information regarding whether some/all of the unrealized claims alleged by Plaintiff to be pending in New York, China, France, and Korea are included in that proceeding.

Plaintiff submits that none of the claims pending against it in the New York arbitration are included in the limitation proceeding in Tokyo. Plaintiff submits this court is an appropriate and convenient forum for this lawsuit.

The Honorable Lorna G. Schofield
December 10, 2014
Page 6

        In addition, Defendant notes that Plaintiff's complaint represents that lawsuits have also been filed in China, France, and Korea.

b.    A joint proposed Civil Case Management Plan and Scheduling Order is attached as Appendix A.

c.    This case has been entered into the Pilot Project Regarding Case Management for Complex Civil Cases in the Southern District of New York. Accordingly, the parties submit the following responses pursuant to Section I.A.1-3 of the Standing Order of October 31, 2011.

    i.    Initial Pretrial Conference Checklist - Pursuant to Section I.A.1, the parties' Initial Pretrial Conference Checklist is attached hereto as Appendix B.

    ii.    Proposed Schedule for Fact and Expert Discovery - Pursuant to Section I.A.2, the proposed schedule for fact and expert discovery is included in the appended proposed Civil Case Management Plan and Scheduling Order.

        Some of the fact witnesses in this matter are located overseas. In order to allow time for certain foreign depositions, the parties anticipate additional time will be required in the fact discovery schedule beyond what the Court normally allows.

        (a)    Plaintiff does not foresee the need for any limitations on the production of documents, including electronically stored information and opposes defendant's application for a stay of pre-trial discovery.

        Defendant will seek a stay of liability discovery pending the resolution of its F.R.C.P. 12(b) motions. If the litigation should proceed to liability discovery, Defendant may be constrained to seek reasonable but meaningful limitations on the scope of discovery.

        (b)    Plaintiff does not foresee the need for any limitations on depositions.

The Honorable Lorna G. Schofield
December 10, 2014
Page 7

        Defendant agrees that there should be no need to limit discovery relevant to the Rule 12(b) motions. However, Defendant may seek reasonable limitations on depositions if this case were to proceed beyond the resolution of Defendant's Rule 12(b) motions.

(c)  An electronic discovery protocol is attached hereto as Appendix C. Plaintiff does not foresee any disputes about the scope of electronic discovery.

    Defendant consents to the protocol outlined in Appendix C for discovery relevant to Defendant's Rule 12(b) motions to dismiss. However, Defendant maintains that the Joint Electronic Discovery Submission and Proposed Order outlined in Standing Order M10-468 and this Court's Individual Rules provide a more comprehensive and appropriate framework for the discovery of electronic information and does not consent to the use of Appendix C for liability discovery. Defendant foresees significant issues regarding the appropriate scope of liability discovery and may be constrained to seek reasonable but meaningful limitations which could impact the proposed protocol.

(d)  Plaintiff proposes that expert discovery precede any summary judgment practice.

(e)  The parties agree to allow depositions preceding trial of trial witnesses not already deposed.

The Honorable Lorna G. Schofield
December 10, 2014
Page 8

      c.      Settlement Discussions - Pursuant to Section I.A.3, the parties direct the Court's attention to paragraph 6, above.

                                                                                               Respectfully submitted,

| | |
|---|---|
| BLANK ROME LLP | CONDON & FORSYTH LLP |
| Attorneys for Plaintiff | Attorneys for Defendant |
| | |
| By  */s/ John D. Kimball* | By  */s/ Marshall S. Turner* |
|       John D. Kimball |       Marshall S. Turner |
| | |
| The Chrysler Building | 7 Times Square |
| 405 Lexington Avenue | New York, New York 10036 |
| New York, NY  10174-0208 | (212) 894-6750 |
| (212) 885-5000 | mturner@condonlaw.com |
| jkimball@blankrome.com | |